UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HARLEY-DAVIDSON MOTOR COMPANY INC,

        Plaintiff,

v.                                             Case No. 24-cv-1125-bhl

MOD JEWELRY GROUP INC, LEN WEISS and
STEEL HORSE JEWELRY INC,

        Defendants,

---

### ORDER SANCTIONING DEFENDANT LEN WEISS AND ENTERING JUDGMENT

---

        On October 2, 2025, this Court set a telephonic hearing for November 3, 2025 to address a number of discovery motions filed by Plaintiff Harley-Davidson Motor Company, Inc. Although notice of the hearing was mailed to him, Weiss failed to appear. (ECF No. 43.) He also failed to respond to two of Harley-Davidson's motions. At the hearing, the Court granted the pending motions and ordered Weiss to comply with Harley-Davidson's discovery requests by November 17, 2025. (*Id.* at 1.) The Court also gave Weiss until November 17, 2025 to show cause in writing for his failure to appear at the hearing, warning him that he would be subject to sanctions, including the possible entry of judgment against him, if he failed to respond. (*Id.*)

        Weiss has not responded to Harley-Davidson's discovery requests and has ignored the Court's order to show cause. (ECF Nos. 44 & 45.) Counsel for Harley-Davidson reports attempting to meet and confer with Weiss by sending emails on November 5 and November 12, 2025, to which Weiss did not respond. (ECF No. 44.) Counsel also served him with a notice of a remote deposition scheduled for November 25, 2025. (*Id.*) Weiss did not respond and failed to attend the scheduled remote deposition. (ECF No. 45.) In sum, Weiss has not complied with his basic obligations as a party to this federal court litigation.

        The Court may impose sanctions *sua sponte* under Federal Rules of Civil Procedure 11 and 37, or through its inherent authority to manage the litigation before it. *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005); Fed. R. Civ. P. 11(c)(3); Fed. R. Civ. P. 37(b). But a *sua sponte* action may only be initiated after giving the offending party notice and an opportunity to be heard.

*Johnson*, 422 F.3d at 551. "A general notice that the court is contemplating sanctions is insufficient; rather, the offending party must be on notice of the specific conduct for which [he] is potentially subject to sanctions." *Id*. at 551–52 (citing *In re Rimsat, Ltd.*, 212 F.3d 1039, 1045–46 (7th Cir. 2000)). To enter default judgment against a party as a discovery sanction—and terminate that party's ability to prevail on the merits—the court must find that the party to be sanctioned "displayed willfulness, bad faith or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001) (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997); *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *Fox v. Commissioner*, 718 F.2d 251, 255 (7th Cir. 1983)).

This Court's November 3, 2025 Minute Order warned Weiss that he could face sanctions, including the entry of judgment against him, if he failed to respond to the Court's order to show cause. (ECF No. 43.) Weiss has disregarded that warning and has otherwise failed to comply with his obligations to the Court and Harley-Davidson. The Court finds this behavior is willful and in bad faith and will therefore sanction Weiss by entering judgment against him. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi), 37(d).

If Harley-Davidson intends to seek further relief against Weiss, it is instructed to file a motion for entry of default judgment, detailing the relief it seeks, supported by a memorandum of law and any evidence necessary to prove any damages or other relief. *See* Fed. R. Civ. P. 55(b)(2). These materials must be filed no later than January 21, 2026.

Accordingly,

**IT IS HEREBY ORDERED** that judgment will be entered against Defendant Len Weiss on the merits, as a sanction for his failure to comply with Court orders and participate in discovery.

**IT IS FURTHER ORDERED** that Plaintiff Harley-Davidson shall file a motion for entry of default judgment and supporting materials by **January 21, 2026**.

Dated at Milwaukee, Wisconsin on December 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge